COPE, J.
(dissenting).
I respectfully dissent for the reasons stated in my dissent in State v. Franklin, 836 So.2d 1112. The sentencing order should be affirmed.
Defendant-appellee Sonia Barnes was charged with trafficking in cocaine. The State sought a minimum mandatory sentence of seven years. That minimum mandatory provision was added to the Florida Statutes by Section 9 of chapter 99-188, Laws of Florida. The seven-year mandatory minimum sentence applied in cases involving two hundred grams or more of cocaine, but less than four hundred grams.
The trial court held chapter 99-188 unconstitutional as violating the single subject rule. For the reasons stated in my dissenting opinion in the Franklin case, Section 9 must be invalidated on account of the decision in Tormey v. Moore, 824 So.2d 137 (Fla.2002). It follows that the trial court was correct in holding this part of chapter 99-188 unconstitutional, and in sentencing the defendant without the seven-year mandatory minimum sentence.
The 2002 Legislature reenacted Section 9 of chapter 99-188 and declared the reen *1127 actment retroactive to July 1, 1999 “or as soon thereafter as the Constitution of the State of Florida and the Constitution of the United States may permit.” Ch.2002-212, § 4, Laws of Fla. For the reasons stated in my dissent in the Franklin case, retroactive imposition of this increased penalty would violate the ex post facto clause for crimes committed prior to the effective date of chapter 2002-212.* The State appeal should be rejected and the sentencing order should be affirmed.

The effective date of chapter 2002-212 was April 29, 2002.